UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 07-257-HRW
SHERRY BROUGHTON for
E.A.B.,            PLAINTIFF,

v.           **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,      DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for child's supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's mother filed the current application for supplemental security income benefits on behalf of her child E.A.B. on January 31, 2006, alleging disability beginning on January 1, 2005, due to a learning disability, hearing problems and a urinary tube condition (Tr. 55).

Plaintiff's application was denied initially and on reconsideration. On December 16, 2005, an administrative hearing was conducted by Administrative Law

Judge John Barker (hereinafter "ALJ"), wherein Plaintiff appeared and Plaintiff's mother testified.

The issue in this matter is whether claimant is eligible, pursuant to Section 1614(a)(3) of the Social Security Act to receive supplemental social security payments as a disable individual who has not yet attained age 18. An individual under the age of eighteen shall be considered disabled if that individual has a medically determinable physical or mental impairment which results in marked and severe limitations and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of no fewer than 12 months. 42 U.S.C. §1382c(a)(3)(C)(i).

At the hearing, pursuant to 20 CFR 416.924, ALJ followed the three-step sequential evaluation process for determining disability in children for the purpose of social security income. First, if the claimant is performing substantial gainful work, he is not disabled. Second, if the claimant is not performing substantial gainful work, his impairment(s) must be severe. If the claimant's impairment is a slight abnormality, or a combination of slight abnormalities, that cause no more than minimal functional limitations, the claimant will be found not to have a severe impairment and thus, will not e found to be disabled. 20 C.F.R. § 416.924 ( c). Third, if the claimant is not performing substantial gainful work and has a

severe impairment (or impairments) and his impairments (or impairments) meets, medically equals or functionally equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled. Evaluation of whether a child meets or medically equals a listing uses the same analysis for all claimants. 20 C.F.R. §§ 416.925, 416.926. However, whether a child functionally equals a listing involves evaluation of six broad domains: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). If a child has a "marked" limitation in two domains or an "extreme" limitation in one domain, the child's functional impairment (or impairments) is functionally equivalent to a listed impairment. 20 C.F.R. § 416.926a(d).

On April 3, 2007, the ALJ issued his decision finding that Plaintiff was not disabled.

Plaintiff was 5 years old at the time of the hearing decision.

At the first step of the sequential analysis, the ALJ found that Plaintiff is not engaged in substantial gainful activity since the alleged onset date (Tr. 13). The ALJ then determined, at the next step, that Plaintiff suffered from moderate receptive-expressive language disorder, phonological disorder and hypospadius not otherwise

3

specified, which he found to be "severe" within the meaning of the Regulations (Tr. 13).

The ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 13).

With regard to the degree of limitation in each of the six functional domains, the ALJ found:

(1) the Plaintiff has marked limitation in acquiring and using information (Tr. 15-16);

(2) the Plaintiff has no limitation in attending and completing tasks (Tr. 16);

(3) the Plaintiff has no limitation in interacting and relating with others (Tr. 16-17);

(4) the Plaintiff has no limitation in moving about and manipulating objects (Tr. 17-18);

(5) the Plaintiff has no limitation in the ability to care for himself (Tr; 18); and

(6) the Plaintiff has less than marked limitation in health and physical well-being (Tr. 18-19).

Accordingly, the ALJ found Plaintiff not to be disabled.

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on July 7, 2007 (Tr. 3-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

5

Plaintiff argues that the ALJ failed to provide reasons as to why he did not adopt the findings of the state agency medical consultants who opined that Plaintiff had a "less than marked" limitation in the domain of interacting and relating to others (Tr. 139, 150).

The Court finds that the ALJ's omission is of no consequence. Even if he had adopted the state agency's finding in this regard, the ultimate finding would remain the same as Plaintiff would still fall short of satisfying the requirements for disability. Thus, an error is harmless. The Court notes that the ALJ's findings were consistent with those of the state agency medical consultants in all other respects.

Plaintiff also points to the October 2001evaluation conducted by speech pathologist Rita Lukat in support of his claim of marked limitation in the domain of interacting and relating with others. However, Ms. Lukat opined that Plaintiff would have minimal difficulty in making himself understood and would have no difficulty in speaking (Tr. 123). She further found his voice and fluency to be within normal limits with no obvious hearing difficulties (Tr. 122). She diagnosed a moderate receptive- expressive language disorder but opined that prognosis was "good" with therapy (Tr. 123). Ms. Lukat recommended that Plaintiff join a preschool setting (Tr. 123).

It appears that Ms. Lukat found Plaintiff's impairments to be moderate, not

6

marked. As such, it is unclear how her assessment supports Plaintiff's contention of error.

Having reviewed the record, the Court finds the ALJ's decision to be supported by substantial evidence.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __3__ day of January, 2008.

HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE